**FEDERAL–MOGUL CORPORATION, Plaintiff,**

**The Torrington Company, Plaintiff–Intervenor,**

v.

**The UNITED STATES, Defendant,**

**SNR Roulements, et al., Defendants–Intervenors.**

Slip Op. 95–181.
Court No. 92–06–00422.

United States Court of
International Trade.

Nov. 14, 1995.

### ORDER

**The Torrington Company, Plaintiff–Intervenor,**

v.

**UNITED STATES, Defendant,**

**SKF USA Inc. and SKF GmbH; GMN Georg Muller Nurnberg AG; INA Walzlager Schaeffler KG and INA Bearing Company, Inc.; NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH; FAG Kugelfischer Georg Schafer KGaA; Pratt & Whitney Canada Inc., Defendant–Intervenors.**

Slip Op. No. 95–196.
Court No. 91–07–00533.

United States Court of
International Trade.

Dec. 1, 1995.

### ORDER

TSOUCALAS, Judge.

In accordance with the decision (Aug. 28, 1995) of the United States Court of Appeals for the Federal Circuit, Appeal Nos. 94–1097 and 94–1104, and decision/mandate (Oct. 18, 1995) concerning Appeal No. 94–1151 remanding this case with instructions, it is

ORDERED that the decision and judgment of this Court in *Federal–Mogul Corp. v. United States,* 17 CIT 1249, 839 F.Supp. 881 (1993), that the Department of Commerce, International Trade Administration ("Commerce") incorrectly adjusted USP for the German value added tax ("VAT") is vacated; and it is further

ORDERED that the order of this Court in connection with *Federal–Mogul,* dated November 30, 1993, which directed Commerce to apply the German VAT rate to United States price ("USP") calculated at the same point in the stream of commerce as where the German VAT rate is applied for home market sales and add the resulting amount to USP is vacated; it is further

**ORDERED** that, as Commerce has informed the Court that it now wishes to return to the tax-neutral methodology that was found by the appellate court to be reasonable, this case is remanded to Commerce to recalculate the final dumping margins at issue by implementing the change in tax adjustment methodology based on the amount of foreign tax, rather than tax rate, to establish the dumping margins; and it is further

**ORDERED** that Commerce will report the results of this remand to the Court within sixty (60) days of the entry of this order.